IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| NICKI JO HARLAN, | § § | |
| *Plaintiff,* | § § § | SA-21-CV-00788-JKP |
| vs. | § § § | |
| AMERIGAS PROPANE, LP, AMERIGAS, INC., AMERIGAS USA LLP, AMERIGAS PROPANE, INC., | § § § § | |
| *Defendants.* | § § | |

**ORDER**

Before the Court in the above-styled cause of action is Defendants Amerigas Propane, L.P.'s and Amerigas, Inc.'s Opposed Motion for Leave to Designate U-Haul Co. of Texas as a Responsible Third Party [#20]. By their motion, Defendants ask the Court for permission to designate Plaintiff's employer, U-Haul Co. of Texas, as a responsible third party under Section 33.004(a) of the Texas Civil Practices and Remedies Code. The Court will grant the motion.

This suit arises out of a personal injury occurring on January 2, 2020, while Plaintiff was working at U-Haul Moving & Storage of Naco-Perrin in San Antonio, Texas. U-Haul Moving & Storage is owned and operated by U-Haul Co. of Texas. On the day of Plaintiff's injury, Plaintiff alleges she was filling a customer's RV propane tank using the propane and propane pump supplied by the Defendants, when propane began to leak on to her hands resulting in second degree burns. Plaintiff claims that the Defendants are responsible for her injuries because they failed to provide the proper equipment to perform her job duties and failed to properly train her. Defendants wish to designate U-Haul Co. of Texas as a responsible third party.

1

Under section 33.011 of the Texas Civil Practice and Remedies Code, a "responsible third party" is defined as "any person who is alleged to have caused or contributed to causing in any way the harm for which recovery of damages is sought, whether by negligent act or omission, by any defective or unreasonably dangerous product, by other conduct or activity that violates an applicable legal standard, or by any combination of these." Tex. Civ. Prac. & Rem. Code § 33.011(6). Texas Civil Practice and Remedies Code section 33.004 provides, in relevant part:

> (a) A defendant may seek to designate a person as a responsible third party by filing a motion for leave to designate that person as a responsible third party. The motion must be filed on or before the 60th day before the trial date unless the court finds good cause to allow the motion to be filed at a later date. . . .
>
> (f) A court shall grant leave to designate the named person as a responsible third party unless another party files an objection to the motion for leave on or before the 15th day after the date the motion is served. . . .
>
> (i) The filing or granting of a motion for leave to designate a person as a responsible third party or a finding of fault against the person:
>
> (1) does not by itself impose liability on the person; and
>
> (2) may not be used in any other proceeding, on the basis of res judicata, collateral estoppel, or any other legal theory, to impose liability on the person.

*Id.* at § 33.004. If a court grants a motion for leave to designate a person as a responsible third party pursuant to section 33.004(h), the person is designated as a responsible third party for purposes of chapter 33 (including submission to the jury under section 33.0031) without further action by the court or any party.

Defendants have timely filed their motion for leave to designate responsible third parties under the deadline established by the Texas statute and by this Court's scheduling order.

2

Although the certificate of conference provided to the Court indicated Defendants' motion is opposed by Plaintiff, Plaintiff has yet to file a response in opposition to the motion. Thus, according to section 33.004(f), the motion should be granted because more than fifteen days since the filing of Defendants' motion has elapsed without opposition from Plaintiff. But even if this procedural aspect of the rule does not apply in federal court, this Court's Local Rules permit the granting of a non-dispositive motion as unopposed if there is no timely response to the motion filed. *See* W.D. Tex. Loc. R. CV-7(d). Because the seven-day deadline of Local Rule CV-(d) has also expired, the Court will grant Defendants' motion as unopposed.

Section 33.004(l) provides that, "[a]fter adequate time for discovery, a party may move to strike the designation of a responsible third party on the ground that there is no evidence that the designated person is responsible for any portion of the claimant's alleged injury or damage. The court shall grant the motion to strike unless a defendant produces sufficient evidence to raise a genuine issue of fact regarding the designated person's responsibility for the claimant's injury or damage." Should Plaintiff desire to file a motion under section 33.004(l), she must file the motion no later than the deadline for filing dispositive motions in the scheduling order.

**IT IS THEREFORE ORDERED** that Defendants Amerigas Propane, L.P.'s and Amerigas, Inc.'s Opposed Motion for Leave to Designate U-Haul Co. of Texas as a Responsible Third Party [#20] is **GRANTED**.

**IT IS FURTHER ORDERED** that U-Haul Co. of Texas is hereby designated as a responsible third party.

**IT IS SO ORDERED.**

SIGNED this 5th day of August, 2022.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE